# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 11-477V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CASEY COMPTON *and*
JEFFREY COMPTON, *as Parents/Next Friends and Legal Representatives of* A.C., *their minor daughter*,

Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed:  April 7, 2016

Decision; Attorney's Fees and Costs.

*Ronald W. Cox*, McCarthy Wilson, Rockville, MD, for Petitioners.

*Jennifer L. Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On July 22, 2011, Casey and Jeffrey Compton filed a petition, as parents/next friends and legal representatives of A.C., their minor daughter, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Thereafter, on October 1, 2015, the parties filed a stipulation settling the case and detailing the amount to be awarded to Petitioners. I

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

subsequently issued a decision finding the parties' stipulation to be reasonable and granting Petitioners an award as outlined in the stipulation.

On March 31, 2016, Petitioners filed an unopposed application for attorney's fees and costs. Petitioners request reimbursement of attorney's fees and costs in the amount of $60,024.89. This amount represents a sum to which Respondent does not object. In addition, and in compliance with General Order No. 9, Petitioners' counsel represents that Petitioners did not incur out-of-pocket, litigation-related expenses in conjunction with this proceeding.

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $60,024.89 should be made in the form of a check payable jointly to Petitioners and Petitioners' counsel, Ronald W. Cox, Jr., Esq., for all attorney's fees and costs. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.